**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QUINCY THORPE, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Case No.: 1:24-cv-01089 |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§, 1332, 1441 and 1446, Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this action from the Supreme Court of the State of New York, County of Kings, where it is pending, to the United States District Court for the Eastern District of New York.  In support of this Notice of Removal, Defendant states as follows:

**I.**      <u>**PROCEDURAL BACKGROUND**</u>

1. On January 10, 2024, Plaintiff Quincy Thorpe ("Plaintiff") commenced an action against Delta, entitled *Quincy Thorpe v. Delta Air Lines, Inc.*, Index No. 500973/2024, in the Supreme Court of the State of New York, County of Kings by filing a Summons with Notice ("Summons").  *See* Summons, attached hereto as Exhibit A**.**

2. On January 11, 2024, Plaintiff served a copy of the Summons on the New York Department of State.  *See* Ex. A at 1.  The New York Department of State sent a copy of the Summons via certified mail, postmarked January 24, 2024, which Delta received on January 26, 2024 via Corporation Service Company ("CSC"), Delta's Registered Agent in New York.  *See* Ex. A at 7.

3.      In the Complaint, Plaintiff purports to assert state and/or federal causes of action against Delta, their servants, agents and/or employees for: (1) negligence in suspending and terminating Plaintiff while on disability; and (2) disseminating false, misleading, and libelous statements leading to a federal investigation, arrest, and malicious criminal persecution of Plaintiff. *See* Ex. A at 2-3.

4.      No further processes, pleadings, or orders have been served on Delta.

## II.      GROUNDS FOR REMOVAL

5.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

### A.      Complete Diversity of Citizenship Exists.

6.      A defendant may remove a case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 only if no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen.  *See* 28 U.S.C. §§ 1441(a)-(b).  Here, all requirements are met because Plaintiff is a citizen of New York and Defendant is a citizen of Delaware and Georgia.

7.      Upon information and belief, Plaintiff is a resident and domiciliary of the State of New York.  *See* Ex. A at 2 (noting "*Plaintiff's Residence*: 108-16 Flatlands 9 Street, 17D, Brooklyn, NY 11236").  Plaintiff is an individual, and, therefore, is a citizen of New York for purposes of 28 U.S.C. § 1332.

8.      Defendant is incorporated in Delaware and has its principal executive offices in Atlanta, Georgia.  Defendant is a corporation and, therefore, is deemed a citizen of Delaware and Georgia for purposes of 28 U.S.C. § 1332.  *See id*. § 1332(c)(1) ("a corporation shall be deemed

to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (holding that a corporation's principal place of business is its "nerve center," "the place of actual direction, control, and coordination," and "in practice it should normally be the place where the corporation maintains its headquarters").

     **B.**     <u>**The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**</u>

9.     Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) (a defendant must only show a "reasonable probability" that the amount in controversy exceeds $75,000).  28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     In the Summons, Plaintiff alleges that he is seeking damages of "no less than $3,000,000".[1]  *See* Ex. A at 3.  This satisfies the amount in controversy requirement for purposes of removal.  *Pinson v. Knoll, Inc.*, No. 07-1739, 2007 WL 1771554, at *3 (S.D.N.Y. June 18,

---

[1] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's reference to alleged damages amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff.  Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Summons or otherwise.

2007); see also *Wolde-Meskel v. Vocational Instr. Project Community Services, Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

11.     Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Thus, removal is proper under 28 U.S.C. § 1441.

12.     As such, Defendant can remove to this Court under 28 U.S.C. §§ 1441.

### III.    THE PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

#### A.    Venue is Proper in the Eastern District of New York

13.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Kings, where Plaintiff originally filed this action.  *See generally* Ex. A; 28 U.S.C. §§ 129(b), 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

#### B.    Defendant Has Timely Filed Its Notice of Removal

14.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of January 26, 2024, the date on which Defendant received the Summons from CSC, its Registered Agent.  The notice of removal must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1).  But "service on a statutory agent" —such as the New York Department of State— "does not trigger the 30-day removal period" under § 1446(b)(1).  *Moran v. Trans States Airlines, LLC*, 2020 WL 5912391, at *3 (S.D.N.Y. Oct. 6, 2020) (citing cases); see

*also Medina v. Wal-Mart Stores*, 945 F. Supp. 519, 520 (W.D.N.Y. Nov. 13, 1996). Rather, "the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." *Sara v. Talcott Resolution Life Ins. Co.*, 2022 WL 19182, at *2 (S.D.N.Y. Jan. 3, 2022) (quoting 14C Charles Alan Wright et al., Federal Practice & Procedure § 3731 (Rev. 4th ed. 2021 update)). "[T]he heavy weight of authority" in the Second Circuit supports this proposition. *Grello v. J.C. Penny Corp.*, 2003 WL 22772397, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995)); *see also UI Acquisition Holding Co. v. Arch Ins. Co.*, 2020 WL 103509, at *3 n.1 (N.D.N.Y. Jan. 9, 2020) (collecting cases). Accordingly, Defendant's deadline to remove this Action to federal court is February 26, 2024, thirty (30) days from January 26, 2024, when Defendant received a copy of the Summons.

15. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**C.    The Notice of Removal Complies with 28 U.S.C. §§ 1445 and 1446**

16. This Action is not an action described in 28 U.S.C. § 1445.

18. Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff's counsel.

19. By filing a Notice of Removal, Defendant does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Delta Air Lines, Inc. hereby removes this case from the Supreme Court of the State of New York, County of Kings, and respectfully requests that this Court assume complete jurisdiction over the case for

all future proceedings.

Respectfully submitted,

Dated: February 12, 2024
     New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By:    */s/ Ira G. Rosenstein*
       Ira G. Rosenstein
       John Guyette
       Carolyn M. Corcoran
       101 Park Avenue
       New York, New York 10178
       Tel: (212) 309-6000
       ira.rosenstein@morganlewis.com
       john.guyette@morganlewis.com
       carolyn.corcoran@morganlewis.com

       *Attorneys for Defendant*
       *Delta Air Lines, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 12, 2024, the foregoing Notice of Removal, including the attached exhibits, was filed via the ECF filing system and served by electronic mail on the following:

Natraj S. Bhusan
TURTURRO LAW, P.C.
1361 N. Railroad Avenue
Staten Island, NY 10306
natraj@turturrolawpc.com

*Attorneys for Plaintiff*

I affirm that the foregoing is true under penalties of perjury.

/s/ Ira G. Rosenstein
Ira G. Rosenstein

7